# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANDERS, et al., <br><br> Plaintiffs, <br> vs. <br><br> EDGE HOLDINGS, et al., <br><br> Defendants. | CASE NO. 11cv1590- LAB (MDD) <br><br> ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE <br><br> [DOC. NO. 19] |

Before the Court is the joint motion of the parties for a determination of discovery dispute filed on February 24, 2012. The Complaint alleges violations of the Fair Employment and Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and related federal and state laws. Two of the plaintiffs are tenants of Sea Coast apartments in San Diego. The remaining plaintiffs, who are not tenants, are their adult daughter, her children and the father of her children. The essence of the dispute involves allegations that the management of Sea Coast discriminated against Plaintiffs by not allowing the grandchildren of the tenants to play in the courtyard of the apartment complex.

## LEGAL STANDARD

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of

admissible evidence," and need not be admissible at trial to be discoverable. *Id*. There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. *Id*.

"An interrogatory may relate to any matter that may be inquired under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." *Id*. at 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. *Id.* at 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b). The responding party is responsible for all items in "the responding party's possession, custody, or control." *Id.* at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D.Cal.1995).

## DISCUSSION

This dispute involves answers to interrogatories and requests for the production of documents propounded by Plaintiffs to Defendants primarily in two areas: (A) Identification of

present and former tenants (Edge Holdings ("Edge") Interrogatories 1, 2, 8; Edge RFP 1); and, (B) Financial information for Defendant Pennel (Pennel Interrogatories 2, 5; Pennel RFPs1-4).

Plaintiffs also seeks relief in connection with certain requests for production propounded to Defendant Edge as to which Defendant claims to have provided all responsive documents (Edge RFPs 5, 12, 16, 29), provided all documents as modified by agreement between the parties (Edge RFP 21) or has claimed to have no responsive documents (Edge RFP 26, 27). As to these requests for production, numbered 5, 12, 16, 21, 26, 27 and 29, no further response is required.

### A. Tenant Information

#### 1. Edge Interrogatory 1

Plaintiffs seek the name, address and telephone number of each tenant who resides at the property. Defendant Edge objects on the basis of relevance and on privacy grounds. Plaintiffs assert that the information is relevant because there may be tenants who are witnesses to the events alleged in the Complaint. Plaintiffs also claim that California privacy laws do not apply in federal court.

Plaintiffs are mistaken that privacy is unprotected in cases brought in federal court. But, the Court agrees that other tenants may have relevant information. Balancing the tenants' privacy interests with Plaintiffs discovery rights, the Court ORDERS Defendant Edge to produce the names and addresses, but not the telephone numbers, of current tenants to Plaintiffs on the following conditions: Counsel for Plaintiffs may use this information only to contact these tenants *in writing* to inform the tenants that counsel wishes to talk to the tenants about this lawsuit and provide contact information for counsel or for counsel's investigator. The letter shall make it clear that those contacted are under no obligation whatsoever to respond in any manner to the letter. Defendants, if they wish, may contact current tenants in the same manner.

#### 2. Edge Interrogatory 2

Plaintiffs seek the names, last known address and telephone numbers for tenants who moved out of the complex during the last year. Defendant Edge objects on the same grounds as in Interrogatory 1. Plaintiffs' assertions also mirror that of Interrogatory 1.

For the same reasons as discussed above, Defendant Edge is ORDERED to produce the

1  names and last known address, but not telephone numbers, of tenants that moved from the complex
2  in the last year.  Counsel for Plaintiffs and counsel for Defendants may contact these individuals on
3  the same conditions as provided above.

4              3. Edge Interrogatory 8

5      Plaintiffs seek the names and apartment number of any current tenant who has minor
6  children living with them.  Defendant objects on grounds of relevance and privacy.  Plaintiff
7  claims that these individuals may have relevant information.  Defendant also asserts that it does not
8  keep a record that would identify residents who are minors.

9      Inasmuch as the Court is permitting counsel for Plaintiffs to send a letter to current tenants
10 of record at the complex to request that they contact counsel, counsel can determine from those
11 who respond whether they have minor children residing with them.  No further response is required
12 from Defendant.

13              4. Edge RFP 1

14     Plaintiffs seek the production of all tenant applications from January 1, 2009, which reflect
15 that minor children would be living with the tenant.  Defendant Edge claims that the tenant
16 applications do not provide that information.  Accordingly, no further response is required.

17         B.  Financial Information of Defendant Pennel

18     Pennel Interrogatories 2 and 5 and Pennel RFPs 1-4 together seek financial information
19 regarding Defendant Pennel.  Defendant Pennel is identified in the Complaint as an individual
20 residing in San Diego County believed to be an owner or partner of the entity that owns the
21 apartment complex.  The only action alleged to have been committed by him is that he is alleged
22 not to have believed Plaintiff Stephanie Sanders, daughter of the Plaintiff tenants, when she called
23 him to complain that her children were mistreated by the on-site manager.   Defendant objects to
24 disclosure of his financial information at this time.  Plaintiffs claim that disclosure may aid in
25 negotiating a settlement in this matter.

26     The Court finds that Defendant Pennel's financial information is not relevant at this time.
27 Plaintiffs may seek reconsideration of this ruling as further facts develop in this case.
28

## CONCLUSION

To the extent that the Court has ordered further disclosures, such information must be produced no later than fourteen (14) days from the date of this Order, absent further application to the Court.

IT IS SO ORDERED.

DATED: March 1, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge