UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANDERS, *et al.*,<br><br>                    Plaintiffs,<br>vs.<br><br>EDGE HOLDINGS, *et al.*,<br><br>                    Defendants. | CASE NO. 11cv1590 LAB (MDD)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF JAMIA SANDERS TO SUBMIT TO AN INDEPENDENT MENTAL EXAMINATION<br><br>[DOC. NO. 34] |

      Before the Court is Defendants' motion to compel Plaintiff Jamia Sanders to submit to an independent mental examination pursuant to Fed.R.Civ.P. 35. (Doc. No. 34). The motion was filed on May 31, 2012. Plaintiff responded in opposition on June 1, 2012. (Doc. No. 36). At the outset, Plaintiff asserts that Defendants filed their motion in violation of this Court's chambers rules regarding discovery disputes. (*Id*. at 2-3). Specifically, Plaintiff claims that the motion was filed without the required meet and confer session and that Plaintiff was given an insufficient period of time to participate in this Court's required joint motion for determination of discovery disputes. *See* Local Rule 26.1 and Chambers Rules of Magistrate Judge Dembin, Section V(a) and (c).

      Under normal circumstances, the Court would deny the motion without

prejudice and require counsel to meet and confer. But, with the discovery cut-off date of June 27 looming in this case, the Court will proceed to the merits. Counsel are warned, however, that the sort of gamesmanship lurking behind this motion will not be tolerated further.

## Background

Plaintiffs in this case consist of James and Jamia Sanders, their daughter, Stephanie Sanders, three minor children of Stephanie Sanders, and Jordan Williams, the father of the three minor children. (Doc. No. 1). James and Jamia Sanders reside in an apartment complex owned and managed by Defendants. The causes of action asserted allege violations of federal and state fair housing laws, state civil rights laws, negligence and unfair business practices. (*Id.*) In summary, Defendants are alleged to have actively discouraged the minor grandchildren of James and Jamia Sanders from visiting them in violation of law. Plaintiffs seek injunctive relief and compensatory and punitive damages. For purposes of this motion, one allegation in the Complaint deserves special note. Plaintiffs allege:

> By reason of defendants' unlawful acts and practices, plaintiffs have suffered . . . severe emotional distress and physical injury, humiliation and mental anguish, fear, stress, including bodily injury such as stomach aches, headaches, sleep loss, feelings of depression, discouragement, anger, and nervousness; and reliving the experience; . . .

(*Id.* at ¶26)

Defendants seek to compel Plaintiff Jamia Sanders to submit to an independent mental examination asserting that she has put her mental condition in controversy. In support, Defendants refer to §26 of the Complaint, excerpted above, and rely on certain answers to Interrogatories wherein Plaintiff Jamia Sanders claims to have sought medical treatment for sleeplessness, nightmares, anxiety, panic attacks, hyper-vigilance, depression, anger, paranoia and discomfort being outside of her home based upon the incidents forming the basis of the Complaint. She also stated that she has been placed back on certain medications that she had not

1 | had to take in years. (*See* Doc. No. 34-2, Exh. C).

2 | In response, Plaintiff asserts that she has not brought a cause of action for
3 | intentional infliction of emotional distress. Plaintiff concedes, however, that her
4 | current mental health is "in issue" but challenges the scope of the requested
5 | examination. (Doc. No. 36 at 6). Plaintiff having conceded that her mental condition
6 | is in controversy, the Court will only consider whether good cause has been shown for
7 | the scope of the examination requested by Defendants.

## Discussion

Rule 35(a) provides, in relevant part:

> When the mental or physical condition …of a party… is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner …. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Under FRCP 35, a party is entitled to conduct a mental examination of another party if the movant demonstrates that: (1) the plaintiff has placed her mental condition in controversy; and (2) good cause exists for the examination. *See, e.g., Schlagenhauf v. Holder*, 279 U.S. 104, 116-117 (1964); *Tan v. City and County of San Francisco, et al.*, 2009 U.S. Dist. LEXIS 21639 at *2-*3 (N.D.Cal. 2009); *Turner v. Imperial Stores, et al.*, 161 F.R.D. 89, 92 (S.D.Cal. 1995). Although there is a constitutional right to privacy, that right is "conditional rather than absolute" and "is waived when a plaintiff raised before the court issues concerning her mental and emotional condition and seeks damages for mental and emotional injuries." *Enwere v. Terman Assoc., LP, et al.*, 2008 U.S. Dist. LEXIS 101901 at*5 (N.D.Cal. 2008)(citing *Caesar v. Mountanos*, 542 F.2d 1064, 1066-70 (9th Cir. 1976). Rule 35 is to be "construed liberally to allow the examination." *Tan*, 2009 U.S. Dist. LEXIS 21639 at *5.

The initial inquiry typically is whether Plaintiff has placed her mental

1  condition sufficiently in controversy. A plaintiff puts her mental state in controversy
2  if one or more of the following aggravating factors are present: (1) a cause of action
3  for intentional or negligent infliction of emotional distress; (2) an allegation of a
4  specific mental or psychiatric injury or disorder; (3) a claim of unusually severe
5  emotional distress; or (5) plaintiff concedes that her mental condition is "in
6  controversy" within the meaning of Rule 35(a).  *See, e.g., Tan*, 2009 U.S.Dist.LEXIS
7  at *4; *Turner*, 161 F.R.D. at 98. Although mental state may not be "in
8  controversy" where only "garden variety" emotional distress damages are claimed,
9  presence of one of these factors is sufficient to place mental state in controversy. *See*
10 *Ayat v. Societe Air France, et al.*, 2007 U.S.Dist.LEXIS 31285 (N.D.Cal 2007). As
11 Plaintiff has conceded that her mental condition is in controversy, the initial inquiry
12 is satisfied.
13      The second and final inquiry is whether there is good cause to order the
14 examination. A factor used by the courts to assess "good cause" in this context is
15 whether a party has alleged some type of ongoing mental injury. *See, e.g.*, *Enwere*,
16 2008 U.S. Dist. LEXIS 101901 at *8 (citing *Bridges v. Eastman Kodak Co.*, 850
17 F.Supp. 216, 221-22 (S.D.N.Y. 1994); *Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D.Conn.
18 1994); (*Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y. 1993)(ordering mental
19 examination where Plaintiff demonstrated ongoing mental injury by alleging that her
20 mental health injuries require "continuing medical treatment"); *Ragge v.*
21 *MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D.Cal. 1995). If a Plaintiff alleges
22 ongoing mental injury or the likelihood of future mental distress, there is typically
23 good cause for a mental examination. See, e.g., *Ayat*, 2007 U.S.Dist.LEXIS 31285 at
24 *11 (ordering mental examination when plaintiff stated that he "suffered and
25 continues to suffer from depression…").
26      Here, it is not entirely clear whether Plaintiff is alleging continuing emotional
27 distress. In response to an Interrogatory asking Plaintiff whether her injuries are
28

1 continuing, she answered affirmatively. (Doc. No. 34-2, Exh. C, Interrogatory
2 Response No. 2). When asked to describe the continuing injuries and their duration
3 and frequency, Plaintiff responded that she is uncomfortable having her children and
4 grandchildren visit and, because of that, there have been no further incidents. (*Id*. at
5 Reponse Nos. 3 and 4). Despite this lack of clarity regarding which of her injuries
6 persist, the Court finds that Plaintiff has asserted continuing emotional injury.
7 Consequently, the Court finds that there is good cause for the examination sought by
8 Defendants.

Regarding the scope of the examination, Defendants have stated that the
independent examination, to be conducted by Dr. Mark Kalish, would consist of a
psychiatric interview, followed by psychiatric testing to include certain standard tests
and would be expected to last between 4-5 hours. (Doc. No. 34-2, Exh. A). Plaintiff
has expressed concern regarding the scope of the psychiatric interview. Specifically,
Defendants are seeking authorization for Dr. Kalish to obtain

> "a thorough psychosocial history from the patient, including medical history, surgical history, military history, legal history, marital history, developmental history habits, educational background and vocational history."

(*Id*.). Plaintiff claims that this goes too far. Plaintiff also requests that the
examination not be recorded and that the results be restricted to counsel and experts
only. Plaintiff also seeks that all records of the examination not be retained by
anyone, including Dr. Kalish, and be returned to Plaintiff's counsel at the conclusion
of this case.

The Court will not micro-manage the examination. Dr. Kalish will be
authorized to conduct the clinical interview to the extent that he considers necessary
to properly evaluate Plaintiff's condition and the results of tests that he may
administer within the constraints provided below.

## Conclusion

Defendants' motion to compel is **GRANTED**. It is **ORDERED** that Plaintiff

must appear before June 29, 2012, on a date and time to be agreed upon by the parties, at 3131 Camino del Rio North, Suite 270, San Diego, California, unless otherwise mutually agreed to by the parties, and submit to a mental examination by Dr. Mark Kalish. The examination shall take no longer than six (6) hours including reasonable rest and food breaks. Dr. Kalish is authorized to administer psychological tests which should be carefully selected to evaluate the nature and scope of the emotional damage being claimed by Plaintiff. Dr. Kalish may employ widely accepted written tests, in his discretion, including the Minnesota Multiphasic Personality Inventory-2 (MMPI-2), the Millon Clinical Multiaxial Inventory-III (MCMIIII) test and the Millon Behavioral Medicine Diagnostic (MBMD). Dr. Kalish is authorized to conduct a clinical interview of Plaintiff designed to provide him with sufficient information to evaluate Plaintiff's condition and to assist him in interpreting test results. Dr. Kalish may ask and Plaintiff shall answer questions regarding the events that are the subject of this action only to the extent necessary for Dr. Kalish properly to evaluate Plaintiff's mental condition. No persons other than Plaintiff, Dr. Kalish and necessary staff to assist Dr. Kalish, may attend. The examination may be recorded. To the extent that forms or questionnaires are required to be completed, they shall be completed by Plaintiff without assistance. The report of the examination should be provided to all counsel. Counsel for Defendants may share the report of the examination with their clients but no copies are to be provided to the clients. A copy may be provided to experts. The examination report may be used only in connection with this litigation and for no other purpose.

IT IS SO ORDERED:

DATED: June 4, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge